UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT CURTIS CONVINGTON,

    Petitioner,

v.                                     CASE NO. 8:10-CV-2500-T-30TBM
                                     CRIM. CASE NO. 8:06-CR-162-T-27TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

Before the Court are several motions filed by Covington.

**1.**    **Motion to Prosecute 28 U.S.C. § 2255, In Forma Pauperis (CV Dkt. 2)**

Covington moves the Court for leave to proceed *in forma pauperis*, and requests copies of documents, specifically, the Government's Exhibit 23A in case no. 8:06-cr-162-T-27TBM in this Court, and transcripts of criminal cases in case numbers 90-447 and 90-14453, in the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. Covington asserts that he needs Exhibit 23A to prove: 1) Towner was traveling back and forth across state lines; 2) Towner lied when he testified that: a) he lost his job as a result of his being an informant in Covington's case; and b) Covington acquired Towner's telephone number. Covington asserts that he needs the state transcripts to show that he was not present at the May 20, 1991 plea hearing.

    § 2250 provides that:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250. Covington must show "a particularized need" for the documents requested. *See United States v. Anderson*, No. 2:94cr163, 1997 U.S. Dist. LEXIS 3567, 1997 WL 138970 (E.D. Va. Mar. 14, 1997) ("there is no constitutional requirement that an indigent collaterally attacking a conviction or sentence be supplied with court documents or transcripts at government expense without a showing of a 'particularized need' for the documents").

In light of the overwhelming evidence presented at trial proving that Covington committed the crimes, including but not limited to: 1) numerous recorded telephone calls in which Covington can be heard discussing why and how he wanted Kristy Cotto murdered, and "Little Wes," "Punkin," and "Stan's" involvement in the conspiracy to kill Cotto; 2) Covington's admissions to Agent Rivera; 3) the videotape which showed Covington meeting with the undercover agent and Informant Towner, who posed as the assassins, and providing them with a map to Cotto's house; and 4) Covington's own incredible testimony; Covington cannot show a particularized need for Exhibit 23A.

The transcript of the January 28, 2008 sentencing hearing, however, shows that Judge Whittemore told Covington that he would "ask the clerk to make a copy of [the transcript of the May 20, 1991 hearing] and return it to you through the marshals." (CR Dkts. 287 at 119-

20; and 240). Therefore, the Court will grant Covington's request for a copy of the transcript of the May 20, 1991 plea hearing in state court.

**2.      Emergency Request for Discovery for § 2255 Habeas Corpus (CV Dkt. 5); Motion to Compel Discovery and Disclosure (CV Dkt. 13)**

Covington requests that the Court allow him to conduct discovery. Specifically, Covington seeks from the Government: 1) telephone records; 2) an explanation as to why Agent Rivera testified falsely; 3) the date and location of co-conspirator "Stan's" death; 4) voice identification testing on the recorded telephone conversations; 5) the date, time, and place Wesly contacted Stan; 6) the Government's trial exhibit 23A; 7) the date on which Wesly and Stan approached Informant Towner regarding the murder-for-hire conspiracy; and 8) the date on which Covington gave $300.00 to Wesly in West Virginia.

A habeas petitioner is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Isaacs v. Head*, 300 F.3d 1232, 1248 (11th Cir. 2002). Rule 6 of the Rules Governing Section 2255 Proceedings For the United States District Courts provides that a party may pursue discovery in a § 2255 proceeding only upon authorization of the Court and for "good cause." In order to show "good cause under Rule 6, a petitioner must provide the court with "specific allegations [that] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-909.

Having considered all of the materials provided to the Court in this proceeding, and the record in case no. 8:06-CR-162-T-27TBM, the Court is not persuaded that Covington has

3

demonstrated that he is entitled to the discovery he seeks. In light of the overwhelming evidence of Covington's guilt at trial, as discussed in Paragraph 1 of this Order, *supra*, the Court concludes that Covington has not shown good cause for discovery of these materials and information. Covington has not shown that, if the facts are fully developed on his claims, he may be able to demonstrate he is entitled to relief. Covington, therefore, has not shown good cause for discovery. *See Bracy*, 520 U.S. at 908-09. Accordingly, the motion requesting discovery will be denied, and the motion to compel will therefore be denied as moot.

3.   **Motion for Leave to Exceed Page Limitation (CV Dkt. 10); Motion for Summary Judgment (CV Dkt. 11)**

Covington requests leave to file a motion for summary judgment that exceeds the 25 page limitation set forth in Local Rule 3.01(d). Upon consideration, the motion will be granted.

Upon complete review and consideration of Covington's motion for summary judgment, and in light of the Court's Order denying Covington's § 2255 motion to vacate, entered simultaneously with this Order, Covington's motion for summary judgment will be denied.[1]

---

[1] To the extent Covington raises new claims for relief in his motion for summary judgment that were not raised in his § 2255 motion, for example his claims of judicial bias and prosecutorial vindictiveness, and the wholly vague and conclusory Grounds 22 through 25 (CV Dkt. 11 at docket pages 45-49, 93-94) (the § 2255 motion presents only 21 claims), these claims were not properly presented to the Court in a motion to amend. Moreover, the claims are untimely and procedurally defaulted because they were not raised on direct appeal. Finally, despite Covington's assertions to the contrary (see CV Dkt. 46 at 17), he did not fairly raise a judicial bias claim in his § 2255 motion.

**4.     Emergency Motion to Expand the Record (CV Dkt. 12)**

Covington moves the Court to allow him to expand the record with the affidavits, grand jury transcripts, and the photocopy of the photograph of a person in a coffin, that Covington submitted in support of his § 2255 motion. The Court has reviewed and considered these items. Accordingly, the motion will be granted.

**5.     Motion to Subpoena Witnesses (CV Dkt. 14); Motion to Subpoena the Honorable James D. Whittemore (CV Dkt. 31)**

Covington requests that if this Court orders an evidentiary hearing, that it subpoena Judge Whittemore, Dossy Covington, and Sharon Covington to appear and testify at the evidentiary hearing. Because this Court finds that an evidentiary hearing is not necessary to resolve the issues raised in Covington's § 2255 motion to vacate, the motions to subpoena will be denied.

**6.     Motion to Order Trial Counsel to Submit Affidavit (CV Dkt. 34)**

Covington moves the Court to issue an order directing Covington's trial counsel, Daniel Castillo, Esq., to submit an affidavit in which he responds to Covington's allegations of ineffective assistance of trial counsel. Because this Court finds that an affidavit from Attorney Castillo is not necessary to resolve the issues raised in Covington's § 2255 motion to vacate, the motion will be denied.

**7.     Petitioner's Request for a Certificate of Appealability (CV Dkt. 41); Motion to Dismiss Pending Certificate of Appealability (CV Dkt. 55); Request for a Certificate of Appealability (CV Dkt. 56)**

Covington filed a motion for a certificate of appealability (CV Dkt. 41), then subsequently moved to dismiss that motion (CV Dkt. 55) in order to file a new motion for a certificate of appealability (CV Dkt. 56). Covington's motions for a certificate of appealability were filed prematurely as they were filed prior to this Court entering a final order on his § 2255 motion to vacate. See Rule 11(a) of the Rules Governing Section 2255 Proceedings ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). In any event, in light of this Court's Order denying Covington's § 2255 motion to vacate and a certificate of appealability, entered contemporaneously with this Order, Covington's first motion for a certificate of appealability (CV Dkt. 41) will be dismissed, and his second motion for a certificate of appealability will be denied (CV Dkt. 56).

**8.    Motion to Enforce Judgment for a Specific Act by Directing the Government to Address all Issues in § 2255 Motion (CV Dkt. 43)**

Covington requests the Court order the Government to respond to all the claims raised in the § 2255 motion to vacate. Covington asserts that the Government failed to respond to Grounds 9, 10, 18, 19, 20, and 21 of the § 2255 motion to vacate.

The Government did respond to Grounds 9, 10, 18, 19, and 20 (see CV Dkt. 36 at 4-5). Covington correctly asserts that the Government did not respond to Ground 21 (see CV Dkt. 36). Nevertheless, a response to Ground 21 is not necessary to resolve the claim because the record establishes that the claim is procedurally defaulted, and without merit. Consequently, the motion will be denied.

9. **Motion to Stay and Hold in Abeyance 28 U.S.C. § 2255 Motion due to Medical Transfer of this Petitioner (CV Dkt. 44); Petitioner's Motion to Remove Stay[,] Addendum to Petitioner's Reply to the Government's Response[, and] Request Court Expedite 28 U.S.C. § 2255 Proceedings (CV Dkt. 46).**

Covington moved the Court to stay this action and hold it in abeyance while he was in transit to a new BOP facility (CV Dkt. 44). Subsequently, he moved the Court to remove the stay, supplement his reply, and expedite a ruling on his § 2255 motion (CV Dkt. 46).

In light of Covington's subsequent request to "remove the stay," his motion to stay the proceedings will be dismissed. Because a stay was never entered by the Court, the request to "remove the stay" will be denied as unnecessary. Covington's request to supplement his reply and expedite the proceedings will be granted.

10. **Fifth Motion to District Court Extraordinary Circumstance Judgment Tainted by 28 U.S.C. § 455(a) Violation (CV Dkt. 49); Motion for Evidentiary Hearing (CV Dkt. 50)**

Covington moves the Court to vacate his judgment of conviction on the ground that the judgment "is tainted by a violation of 28 U.S.C. § 455(a)." § 455(a) states "[a]ny justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Covington appears to argue that Judge Whittemore's Order disqualifying himself from these § 2255 proceedings establishes that Covington's judgment of conviction was tainted by Judge Whittemore's

impartiality during trial. Covington also moves for an evidentiary hearing on this claim (CV Dkt. 50).

The motions will be denied. First, the judicial bias claim is procedurally defaulted because Covington could have raised it on direct appeal. *See United States v. Pearson*, 203 F. 3d 1243, 1276 (11th Cir. 2000). Second, Covington has not moved to amend his § 2255 motion to vacate to add this claim. Third, the claim is time-barred as it was filed more than one year after: 1) Covington's judgment of conviction became final; and 2) Judge Whittemore's November 24, 2011 Order granting Covington's motion to disqualify (see CV Dkt. 7). Fourth, the motion lacks merit. Judge Whittemore's Order disqualifying himself from these § 2255 proceedings reveals that there was an "objectively reasonable basis to question [Judge Whittemore's] impartiality" as to these § 2255 proceedings, and Covington's allegations of ineffective assistance of trial counsel (Id.). A complete and thorough review of the trial transcripts and record in the criminal case establishes that there was no objectively reasonable basis to question Judge Whittemore's impartiality *during the criminal proceedings*. Therefore, Covington wholly fails to demonstrate that his judgment of conviction was "tainted" by judicial bias.

Finally, an evidentiary hearing is not necessary to decide either Covington's new judicial bias claim or ineffective assistance of counsel claims.

**11.    Fourth Motion to the District Court Request Judicial Notice and Not Overlook All Factual Allegations Raised in this Petitioner's § 2255[,] Count's [sic] in the**

8

**Indictment are Deficient Which Proves that Trial Counsel was Constitutionally Ineffective (CV Dkt. 51)**

Covington's motion is yet another unauthorized attempt to make additional argument in support of his claims, specifically, his claims of judicial bias and ineffective assistance of trial counsel. Moreover, the Court has not "overlooked" any factual allegations in the § 2255 motion.

Accordingly, the motion will be denied.

**12. Motion for Leave to File a Supplemental Pleading (CV Dkt. 54); Third Motion for Leave to Exceed Page Limitation for Supplemental Pleading on 28 U.S.C. § 2255 Motion Based on New Occurrences and New Events (CV Dkt. 52)**

Covington requests leave to supplement his § 2255 motion to vacate with "new occurrences and events" that transpired subsequent to the filing of the § 2255 motion, and that allegedly support his claims that trial counsel was ineffective in failing to move to dismiss Count Two of the Superseding Indictment, that the Government knowingly presented false testimony, and that Judge Whittemore was biased against Covington. He further requests leave to file a supplement that exceeds the 25 page limit mandated by Local Rule 3.01(d), and which is 77 pages in length and includes 103 pages of exhibits (see CV Dkt. 53).

The four "new events" that Covington wants to supplement to his § 2255 motion are: 1) a bar complaint Covington filed against Attorney Castillo to the Florida Bar in 2012, Castillo's response to the complaint, and Covington's reply to the response; 2) a bar complaint Covington filed against Amanda Kaiser, the prosecutor in case number 8:06-CR-

162-T-27TBM, to the Florida Bar in 2012, Kaiser's response to the complaint, and Covington's reply to the response; 3) Covington's Complaint of Judicial Misconduct filed against Judge Whittemore to the Eleventh Circuit's Judicial Counsel in 2012; and 4) an August 17, 2011 Order issued by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida, vacating Covington's convictions in case numbers 05-cf-020838 and 05-cf-020980.

Covington's proposed supplemental pleading is 77 pages, and consists almost exclusively of arguments that Covington has repeated several times throughout these proceedings in support of the claims raised in the § 2255 motion. None of these arguments reference or are based on the two bar complaints or judicial misconduct complaint. Moreover, upon review of the complaints and responses thereto, the Court cannot see how they further support the claims in the § 2255 motion, besides rehashing the same arguments Covington has made throughout the § 2255 proceedings.

With respect to Covington's request to supplement the § 2255 motion with the August 17, 2011 state court order vacating Covington's convictions in case numbers 05-cf-020838 and 05-cf-020980, it appears that Covington asserts that the order supports Ground Eighteen of the § 2255 motion (CV Dkt. 53 at docket page 62). In Ground Eighteen, Covington asserted that his sentence was enhanced as an armed career criminal based on unconstitutional prior state convictions (CV Dkt. 1-17). Covington, however, was determined to be a career offender based upon three prior State of Florida convictions for armed possession of cocaine with intent to sell or deliver and armed trespass on property in case no.

90-cf-447; battery in a detention facility in case no. 90-cf-14453; and robbery in case no. 91-cf-9719 (see CR Dkts. 81 at 2-3; 287 at 96). Covington fails to show how the vacated convictions in case numbers 05-cf-020838 and 05-cf-020980 impact his sentence as an armed career criminal.[2]

Therefore, Covington's request to supplement his § 2255 motion will be denied. Accordingly, the Court **ORDERS** that:

1. Petitioner's Motion to Prosecute 28 U.S.C. § 2255, In Forma Pauperis (CV Dkt. 2) is **GRANTED** solely to the extent that Covington is granted leave to proceed in this action *in forma pauperis*, and the **Clerk** shall provide Covington with a copy of the transcript of the May 20, 1991 state plea hearing that was filed in this Court as Covington's Sentencing Exhibit no. 1 (see CR Dkt. 240). The motion is otherwise **DENIED**.

2. Covington's Emergency Request for Discovery for § 2255 Habeas Corpus (CV Dkt. 5) is **DENIED**. His Motion to Compel Discovery and Disclosure (CV Dkt. 13) is **DENIED** as moot.

---

[2]To the extent Covington argues that the August 17, 2011 Order demonstrates that he is "exercising due diligence in seeking" to have his state court convictions overturned (CV Dkt. 54 at docket page 62), Covington may return to this Court to challenge his sentence as an armed career criminal if and when the convictions supporting the enhancement are vacated. *See Stewart v. United States*, 646 F.3d 856, 864 (11th Cir. 2011) ("[T]he time for challenging a federal sentence based on a faulty state conviction is only after that conviction has been vacated."); *Darville v. United States*, 447 Fed. Appx. 94, 95 (11th Cir. 2011) (unpublished) ("Because we recently held in *Stewart v. United States* that a § 2255 motion arising from the vacatur or expungement of state convictions will not be considered 'second or successive' under AEDPA, we affirm the district court. 646 F.3d 856, 865 (11th Cir. 2011).).")

3. Covington's Motion for Leave to Exceed Page Limitation (CV Dkt. 10) is **GRANTED**.

4. Covington's motion for summary judgment (CV Dkt. 11) is **DENIED**.

5. Covington's Emergency Motion to Expand the Record (CV Dkt. 12) is **GRANTED**.

6. Covington's Motion to Subpoena Witnesses (CV Dkt. 14), and Motion to Subpoena the Honorable James D. Whittemore (CV Dkt. 31) are **DENIED**.

7. Covington's motion to order trial counsel to submit affidavit (CV Dkt. 34) is **DENIED**.

8. Covington's Motion to Dismiss Pending Certificate of Appealability (CV Dkt. 55) is **GRANTED**. His Request for a Certificate of Appealability (CV Dkt. 41) is **DISMISSED**.

9. Covington's Request for a Certificate of Appealability (CV Dkt. 56) is **DENIED**.

10. Covington's Motion to Enforce Judgment for a Specific Act by Directing the Government to Address all Issues in § 2255 Motion (CV Dkt. 43) is **DENIED**.

11. Covington's Motion to Stay and Hold in Abeyance 28 U.S.C. § 2255 Motion due to Medical Transfer of this Petitioner (CV Dkt. 44) is **DISMISSED** as moot.

12. Covington's Motion to Remove Stay[,] Addendum to Petitioner's Reply to the Government's Response[, and] Request Court Expedite 28 U.S.C. § 2255 Proceedings (CV

Dkt. 46) is **GRANTED** solely to the extent that the Court will expedite these proceedings, and allow Covington to supplement his reply with the arguments set forth in this motion (CV Dkt. 46). The motion is otherwise **DENIED**.

13. Covington's Fifth Motion to District Court Extraordinary Circumstance Judgment Tainted by 28 U.S.C. § 455(a) Violation (CV Dkt. 49) is **DENIED**.

14. Covington's Motion for Evidentiary Hearing (CV Dkt. 50) is **DENIED**.

15. Covington's Fourth Motion to the District Court Request Judicial Notice and Not Overlook All Factual Allegations Raised in this Petitioner's § 2255[,] Count's [sic] in the Indictment are Deficient Which Proves that Trial Counsel was Constitutionally Ineffective (CV Dkt. 51) is **DENIED**.

16. Covington's Third Motion for Leave to Exceed Page Limitation for Supplemental Pleading on 28 U.S.C. § 2255 Motion Based on New Occurrences and New Events (CV Dkt. 52) is **DENIED**.

17. Covington's Motion for Leave to File a Supplemental Pleading (CV Dkt. 54) is **DENIED**. The Supplemental Pleading (CV Dkt. 53) is **STRICKEN**. The Clerk shall return the Supplemental Pleading to Covington, and retain a copy for the court file.

**DONE** and **ORDERED** in Tampa, Florida on September 4, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
<u>Copy furnished to</u>:
*Pro Se* Petitioner
Amanda C. Kaiser, AUSA