**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ROBERT CURTIS COVINGTON,

    Petitioner,

v.                                            Case No:  8:10-cv-2500-T-30TBM

UNITED STATES OF AMERICA,

    Respondent.

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Petitioner Robert Curtis Covington's construed motion for reconsideration under Federal Rule of Civil Procedure 60(b)(6) of the order denying his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (Doc. 72).  On November 8, 2010, Petitioner filed a motion pursuant to § 2255 raising numerous claims, including that his prior conviction for battery in a detention facility was not a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(i)-(ii), and that his counsel was ineffective for misadvising him that his conviction for armed possession of cocaine was a qualifying predicate offense under the ACCA.  (Doc. 1).

The Court denied Petitioner relief, concluding that his claims were either resolved by the Eleventh Circuit on appeal or procedurally barred.  (Doc. 58).  Petitioner sought a certificate of appealability, which the Eleventh Circuit denied.  (Doc. 69).  Petitioner

recently filed an application with the Eleventh Circuit seeking authorization to file a second or successive motion to vacate, set aside, or correct sentence under § 2255 based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defining a violent felony as a crime "involv[ing] conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. (Doc. 71). The Eleventh Circuit denied the application, concluding that Petitioner could not demonstrate that he would benefit from the decision in *Johnson* because he could not show that his sentence enhancement was based on the now-voided residual clause. (Doc. 71 at 5-6).

On May 9, 2016, Petitioner filed the present Rule 60(b) motion, arguing that he is entitled to reconsideration of the order denying his § 2255 motion in light of the Supreme Court's recent decision in *Johnson*, 135 S. Ct. 1551, *declared retroactive by Welch v. United States*, 136 S. Ct. 1257 (2016). (Doc. 72).

Federal Rule of Civil Procedure 60 provides only a limited basis upon which a petitioner may seek relief in a habeas case. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). "[A] Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) 'seeks to add a new ground of relief;' or (2) 'attacks the federal court's previous resolution of a claim *on the merits*.'" *Id.* 1293-94 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).[1] But where, "a Rule 60(b) motion 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the

---

[1] *Gonzalez* addressed the relationship between a Rule 60(b) motion and a motion filed pursuant to 28 U.S.C. § 2254, but the Eleventh Circuit has held that *Gonzalez* also applies to motions filed pursuant to § 2255. *See Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 1001 (2012).

federal habeas proceedings,' the motion is not a successive habeas petition." *Id.* (quoting *Gonzalez*, 545 U.S. at 532).

Here, Petitioner does not attack "some defect in the integrity" of his prior federal habeas proceedings. Rather, he argues an additional basis for relief pursuant to *Johnson*. Accordingly, Petitioner's Rule 60(b)(6) motion is more properly construed as a successive § 2255 petition. Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the in the appropriate court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either: (1) "newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Because Petitioner has not received authorization to file a second or successive habeas petition from the Eleventh Circuit, this Court lacks jurisdiction to consider his motion and it should be dismissed. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization [from the appropriate court of appeals, a] district court lacks jurisdiction to consider a second or successive petition."). However, for Petitioner's

benefit, the Court notes that the Federal Public Defender has been appointed to Petitioner for the purpose of determining whether Petitioner is entitled to relief under *Johnson* and *Welch* and to potentially seek relief under § 2255 on his behalf. *See United States v. Covington*, No. 8:06-cr-162-T-30TBM (M.D. Fla. May 13, 2016) (Docs. 333-35).

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner's construed motion for reconsideration under Federal Rule of Civil Procedure 60(b)(6) (Doc. 72) is DISMISSED without prejudice.

**DONE** and **ORDERED** in Tampa, Florida, this 17th day of May, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record